```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

RODNEY G. THOMPSON,

    Plaintiff,

v.                                              Civil Action No: 1:12-01551

CAROLYN W. COLVIN,

Acting Commissioner of Social Security,

    Defendant


**MEMORANDUM OPINION**

This action is seeking review of the final decision of the Commissioner of Social Security, who denied plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  By Standing Order, this case was referred to United States Magistrate Judge R. Clarke VanDervort to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On July 3, 2013, Magistrate Judge VanDervort issued his Proposed Findings & Recommendation ("PF&R") in this matter.  Judge Vandervort recommended that the court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Judgment on the Pleadings, and affirm the final decision of the Commissioner. (Doc. No. 14).  Under 28 U.S.C. § 636(b)(1)(B), the parties had

fourteen days, plus three mailing days, from the date of the filing of the PF&R to file objections.  On July 22, 2013, plaintiff timely filed objections to the PF&R.  (Doc. No. 16).

## I.  Background

The plaintiff, Rodney G. Thompson, filed applications for DIB and SSI on February 15, 2008, under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  This claim was denied initially and upon reconsideration.  (Tr. at 61-64, 65-67, 76-78, 79-81).  Plaintiff requested and received a hearing before an Administrative Law Judge (ALJ) held on March 11, 2010.  (Tr. at 32-60).  The ALJ determined that plaintiff was not entitled to disability benefits in a decision dated April 26, 2010.  (Tr. at 16-31).  The Appeals Council subsequently denied plaintiff's request for review on March 19, 2012, thereby making the decision the final decision of the Commissioner.  (Tr. at 1).  Plaintiff sought judicial review of the administrative decision on May 17, 2012.

A detailed factual description of Plaintiff's ailments and alleged disability can be found in the PF&R (Doc. No. 14 at 6-14) and in the ALJ's decision (Tr. at 18-26).  These descriptions adequately and faithfully summarize the factual information in the entire record making it unnecessary to detail the medical evidence once more.  This opinion will only describe

the facts as necessary to address plaintiff's specific objections.

## II. Standard of Review

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

## III. Plaintiff's Objections

Plaintiff generically objects to the Judge VanDervort's finding that the Commissioner's decision was supported by substantial evidence. (Doc. No. 15 at 1). In doing so, plaintiff incorporates and rehashes the arguments made in

3

Plaintiff's Memorandum in Support of Motion for Summary Judgment (Doc. No. 11).  Namely, plaintiff contends that the Appeals Council failed to appropriately consider new evidence submitted after the ALJ's decision; that the ALJ failed to give appropriate weight to the opinion of Dr. Carol Asbury, a treating physician; and that the ALJ failed to consider the side effects of medication taken by plaintiff.  (Doc. No. 15 at 2).

Plaintiff does not refute the reasoning and analysis of Judge VanDervort's PF&R in any meaningful manner.  Rather, plaintiff merely regurgitates the exact same issues raised in his motion for summary judgment – undermining the purpose and utility of the objection procedure.  Plaintiff appears to request that this court re-weigh the evidence the ALJ relied upon when determining that plaintiff is not under a disability as defined by the Social Security Act.  Indeed, plaintiff does not cite a single case in support of his objections.  It is worth noting that this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Giving plaintiff the benefit of the doubt, the court has nonetheless performed a de novo review.  The court will address plaintiff's arguments in turn.

### *a.* <u>Evidence Submitted to the Appeals Council</u>

Plaintiff first contends that the Appeals Council did not adequately address additional evidence submitted after the ALJ's April 26, 2010 decision. (Doc. No. 15 at 2). Following the ALJ's unfavorable decision, plaintiff submitted a multitude of medical records for the first time to the Appeals Council. These records were from a number of physicians and medical institutions and dated from December 2008 through April 2011. (Tr. at 5, 636-44, 645-71, 772-76, 777-83, 784-99, 801-10, 813-23). Plaintiff places primary emphasis on the records of Dr. Lenord Horwitz, consisting of a Medical Source Statement of Ability to Do Work-Related Activities (Physical) from June 2, 2010 (Tr. at 647-52) and treatment notes dating from January 8, 2009 to June 3, 2010 (Tr. at 655-70). (Doc. No. 11 at 6-7); (Doc. No. 15 at 2-3).

The Appeals Council "must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" <u>Wilkins v. Secretary, Dep't of Health and Human Servs.</u>, 953 F.2d 93, 95-96 (4th Cir. 1991)(en banc)(citations omitted); <u>see also</u> 20 C.F.R. § 404.970(b). Evidence is "new" when it is not duplicative or cumulative. <u>Wilkins</u>, 953 F.2d at 96. Evidence is material when "there is a reasonable

possibility that the new evidence would have changed the outcome." Id.

In making its decision to deny plaintiff's request for review, the Appeals Council considered a portion of the additional evidence provided by plaintiff. (Tr. at 1-2, 5). These records included the records of Dr. Horwitz dating from January 2009 through 2010 that plaintiff relies on. Id. The Appeals Council need not "give a detailed assessment of its failure to grant review in the face of the new evidence." Ridings v. Apfel, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999).[1] Consequently, the Appeals Council's plain statement expressing that the additional evidence was considered is sufficient to establish that the additional evidence was indeed considered.

Because the Appeals Council determined that the additional records dating from June 2010 to April 2011 concerned a later timeframe and therefore did not affect the April 26, 2010 decision, it did not consider this evidence in denying the request for review. (Tr. at 2). Plaintiff does not appear to contest this action. Rather, plaintiff contests the Appeals Council's view that the additional evidence which was considered did not provide a basis for changing the ALJ's decision. (Doc.

---

[1] The court recognizes that courts in the Fourth Circuit addressing this issue have split as to whether to require a statement of reasons from the Appeals Council as to why new evidence does or does not affect the ALJ's decision. See Suber v. Comm'r of Soc. Sec. Admin., 640 F. Supp. 2d 684 (D.S.C. 2009) (requiring the Appeals Council to provide an assessment of new evidence).

6

No. 15 at 2-3). Plaintiff argues that given Dr. Horwitz's treatment notes and medical opinion, the ALJ's decision should be reversed or the case should be remanded to the ALJ. Defendant responds, and the magistrate judge agreed, that this evidence provided no basis for reversing ALJ's decision. (Doc. No. 13 at 12-14); (Doc. No. 14 at 15-18).

As a preliminary matter, defendant asserts that the additional medical records from December 2008 through April 26, 2010 that were provided to the Appeals Council are not "new" because they were in existence prior to the issuance of the ALJ's decision. (Doc. No. 13 at 13). The magistrate judge agreed with this argument and stated that plaintiff "failed to demonstrate why he was unable to produce the records prior to the ALJ's decision." (Doc. No. 14 at 17). However, there is no "good cause" requirement when seeking to present new evidence to the Appeals Council. Plaintiff is only required to show "good cause" for the failure to present the evidence to the ALJ if plaintiff is seeking a remand. Wilkins, 953 F.2d at 96 n. 3; Ridings v. Apfel, 76 F. Supp. 2d. 707, 709 (W.D. Va. 1999). Indeed, plaintiff is seeking, at least in the alternative, a remand to the ALJ. (Doc. No. 11 at 10). Plaintiff also stated that "it was incumbent upon the Appeals Council to remand Mr. Thompson's case to the Administrative Law Judge for consideration of this additional evidence." (Doc. No. 11 at 7).

7

To the extent that plaintiff is seeking a remand to the ALJ for the consideration of additional evidence from Dr. Horwitz dating from 2009 to April 2010, plaintiff was required to show "good cause" as to why the evidence was not presented to the ALJ in the first instance.  Having shown no such "good cause," plaintiff is not entitled to a remand on the basis of this additional evidence.  The question remains, however, whether the Appeals Council appropriately determined that this evidence would not likely change the ALJ's outcome.

In the Fourth Circuit, a reviewing district court is required to review the whole record to determine if the ALJ's decision is supported by substantial evidence, including any additional evidence considered by the Appeals Council that was not before the ALJ.[2]  Wilkins, 953 F.2d at 96.  Having performed this duty, the court concurs with the magistrate judge that the new evidence presented by plaintiff does not provide a basis for changing the ALJ's decision.

First, the Appeals Council likely had no duty to consider Dr. Horwitz's treatment notes and medical opinion dated after

---

[2] This creates the somewhat odd posture of reviewing an ALJ's decision for substantial evidence on the basis of evidence that (at least partly) was not in front of the ALJ.  As Judge Posner of the Seventh Circuit has pointed out, this is contrary to traditional principles of appellate review.  Eads v. Sec'y of Dep't of Health & Human Serv., 983 F.2d 815, 817 (7th Cir. 1993).  As such, the Seventh Circuit and other Courts of Appeal have adopted the opposite view and only look to the evidence as it was before the ALJ. Id.

the ALJ's decision.  It is not until May 19, 2010 that Dr. Horwitz notes a "worsening of the symptoms and findings as compared to the previous OV" – a statement repeated on the May 25, 2010 treatment note.  (Tr. at 755-57, 761).  This "worsening of the symptoms" occurs after the ALJ's April 26, 2010 decision.  As such, they do not "relate to the period on or before the date of the ALJ's decision." Wilkins, 953 F.2d at 96.  As the Appeals Council stated about the evidence that it did not consider, "[t]his new information is about a later time.  Therefore, it does not affect the decision about whether [plaintiff was] disabled beginning on or before April 26, 2010."  (Tr. at 2).  The same could be said for Dr. Horwitz's treatment notes and medical opinion dated after the ALJ's decision.

    Secondly, Dr. Horwitz's treatment records are unremarkable, repetitive, and add very little to the record.  Indeed, Dr. Horwitz stated on at least three occasions that plaintiff "continues to have the same physical findings and symptomatology as in previous visits."  (Tr. at 740, 748, 768).  These treatment notes are essentially the same as Dr. Horwitz's November 12, 2008 treatment note that was before the ALJ.  Additionally, the substance of the treatment notes provides information that was available to the ALJ through other sources of record evidence.  The same subjective complaints present throughout the new evidence were present throughout the record

9

as it was before the ALJ. Nothing in the records suggests that the ALJ would change his decision if given the chance. Consequently, the Appeals Council did not err in its treatment of the additional evidence.

### *b.* Weight Afforded to Medical Opinion of Dr. Asbury

Next, plaintiff asserts that the ALJ improperly discounted the opinion of a treating physician, Dr. Asbury. (Doc. No. 11 at 7-9). Defendant responds that the decision to afford Dr. Asbury only "moderate weight" was well within the discretion of the ALJ. (Doc. No. 13 at 14-17). The magistrate judge determined that the ALJ's assessment of Dr. Asbury's opinion was supported by substantial evidence. (Doc. No. 14 at 20). After a de novo review, the court agrees with the magistrate judge and adopts his analysis on this issue.

An ALJ is obligated to evaluate and weigh medical opinions "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (citing Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)); see also 20 C.F.R. § 404.1527. Courts typically "accord 'greater weight to the testimony of a treating physician'

10

because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson, 434 F.3d at 654 (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

The treating physician rule, however, is not absolute, and may be disregarded if persuasive contradictory evidence exists to rebut it. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). Although the Commissioner is authorized to give controlling weight to the treating source's opinion if it is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques, 20 C.F.R. § 404.1527(d)(2), "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590 (quoting 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). Accordingly, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Hunter, 993 F.2d at 35.

Dr. Asbury completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) and a Clinical Assessment of Pain on October 2, 2008. (Tr. at 542-46). Dr.

11

Asbury opined that plaintiff was capable of lifting or carrying ten pounds occasionally and less than ten pounds frequently because of limited grip strength in his left hand.  (Tr. at 542).  She determined that plaintiff could stand or walk less than two hours in an eight-hour workday, sit about six hours in an eight-hour workday, and had limited pushing and pulling ability in his lower extremities.  (Tr. at 542-43).  Dr. Asbury further assessed that plaintiff could occasionally kneel, crawl, and stoop; but could never climb, balance, or crouch.  (Tr. at 543).  She opined that plaintiff could handle, finger, and feel normally with his right hand, but that his ability to perform these tasks with his left hand was limited because of weakness resulting from a snake bite.  (Tr. at 544).  Finally, Dr. Asbury found plaintiff's pain to be incapacitating and greatly increased by physical activity.  (Tr. at 546).

   The ALJ gave three reasons why it only afforded only "moderate weight" to the opinion of Dr. Asbury: (1) she is a family practitioner rather than a specialist; (2) the medical records did not document any ongoing treatment given to plaintiff's left hand for the residual effects from a snake bite along with Dr. Greenberg's conclusion that plaintiff only had inconsistent give-way of the interosseous muscles of the hands; and (3) the sedentary residual functional capacity accommodated the well-documented residual effects from plaintiff's right foot

12

and ankle fractures and left thigh laceration. (Tr. at 29). A review of the entire record reveals that these rationales for affording Dr. Asbury only "moderate weight" are supported by substantial evidence. The ALJ properly exercised his discretion to afford less weight to a treating physician because of persuasive contrary evidence in the record. As the magistrate judge pointed out, "[t]he record was void of stringent limitations within the medical records." (Doc. No. 14 at 20).

Plaintiff complains that "the ALJ has clearly done little more than substitute his opinions for those of Dr. Asbury" thereby improperly substituting his opinion for that of a "medical doctor and treating source." (Doc. No. 11 at 9). On the contrary, the ALJ has properly performed his duty of weighing the evidence. See 20 C.F.R. § 404.1527(e) ("Opinions on some issues . . . are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case."). There is substantial evidence in the record to justify affording Dr. Asbury's opinion only "moderate weight."

### c. Side Effects

Finally, plaintiff complains that the ALJ and subsequently the magistrate judge failed to appropriately consider the side effects of plaintiff's medications. (Doc. No. 11 at 9-10); (Doc. No. 15 at 3). The magistrate judge discussed why the

ALJ's analysis of plaintiff's side effects is supported by substantial evidence.  (Doc. No. 14 at 21-22).  A de novo review of the record reveals a lack of medical evidence to support plaintiff's testimony that he experienced sleepiness and drowsiness from his medications.  Even if this evidence could be found in the record, it likely would not provide a basis for a disability.  As the Third Circuit has stated, "[d]rowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations."  Burns v. Barnhart, 312 F.3d 113, 131 (3d Cir. 2002); see also Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (citing Burns with approval).  Here, the record does not reference serious functional limitations resulting from plaintiff's medications.

Plaintiff recognizes the lack of medical evidence in the record to support his claim that his side effects are disabling. plaintiff attempts to brush aside this key fact by stating that "to the extent that side effects are a known and accepted by-product or consequence of utilizing the medication, there would not be expected to be particular reference to their occurrence in medical records."  (Doc. No. 15 at 3).  This statement simply defies logic.  If this court is to believe that side effects of medication rise to the level of a disability under the Social Security Act, surely these extreme side effects would show up in

14

the medical records. Instead, the record is silent. As such, the ALJ's analysis of the side effects is supported by substantial evidence.

### IV. Conclusion

Plaintiff, in objecting to the PF&R, continues to point out conflicts in the evidence. However, "the duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). The ALJ resolved the conflicts in a manner unfavorable to plaintiff. Furthermore, the new evidence provides no basis for overturning the ALJ's decision. On this record, even with the additional evidence, a court would not direct a verdict in favor of plaintiff. Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972). Consequently, the ALJ's decision is supported by substantial evidence.

Accordingly, for the reasons set forth above, the court **OVERRULES** the Plaintiff's objections to Magistrate Judge VanDervort's PF&R. The court adopts the factual and legal analysis contained within the PF&R to the extent that it is not inconsistent with this Memorandum Opinion, **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 10), **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. No. 13), **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** on this 3rd day of September, 2013.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge